## SUMMERS v. OKLAHOMA, K. & M. RY. CO. et al.

No. 13065—Opinion Filed Nov. 25, 1924.

Rehearing Denied Jan. 2, 1925.

**Appeal and Error—Disposition of Cause—Affirmance.**

Record examined and held, under elementary rules, the judgment should be affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; Vern E. Thompson, Judge.

Action by W. L. Summers against Oklahoma, Kansas & Missouri Railway Co. et al. Judgment for defendants. Plaintiff appeals. Affirmed.

Shannon & Shannon, for plaintiff in error.

Ray McNaughton, for defendants in error.

Opinion by ESTES, C. Plaintiff in error, plaintiff below, sued defendants in error in damages for personal injuries. Judgment was for defendants. Plaintiff was employed by defendant Oklahoma, Kansas & Missouri Ry. Company, in repairing a bridge across Tar creek in Ottawa county. Plaintiff himself had placed one end of a timber on the bank of the creek, placing the other end of the timber on the first pile bent of the bridge. While walking on said timber, pushing on a roller another timber from the bank to the bent of the bridge, the timber, or run-way, on which plaintiff was walking, turned in its place. Thereby the timber which plaintiff was thus conveying was projected against the abdomen of plaintiff. Thereby plaintiff claimed he suffered hernia and certain other injuries. The first assignment argued is that the court erred in refusing to give plaintiff's requested instruction to the effect that the defendants were negligent in failing to furnish plaintiff a safe place in which to work — that the timber on which plaintiff was required to walk was negli-

gently placed and not securely supported. In reciting the pleadings the court set out plaintiff's claim in this behalf. In another instruction, the court advised the jury that negligence meant the failure of defendants to furnish plaintiff a reasonably safe place in which to work or sufficient men to assist in the work as an ordinarily prudent person would have furnished plaintiff under like circumstances. In another instruction on contributory negligence the court said: "* * * Provided you find by a preponderance of the evidence that the defendants were guilty of negligence in maintaining the timber upon which plaintiff was injured." Authorities are unnecessary that instructions must be construed as a whole; that they are sufficient if, when so considered, they fairly present the law of the case without conflict; that while one instruction, standing alone, may be indefinite and uncertain, if other instructions fairly submit the material issues, reversible error is not committed. This assignment is untenable.

It is next complained that the court erred in instructing the jury on the alleged negligence of defendants for failure to furnish sufficient men to perform safely the work being done by plaintiff and his fellow servants, in that the precise verbiage found in C., R. I. & P. R. Co. v. Hughes, 64 Okla. 74, 166 Pac. 411, was not used. It is well settled that no formula is required in the giving of instructions. The instruction complained of fairly and substantially states the law in this behalf. Plaintiff also avers surprise in the testimony of one of his witnesses when testifying for defendants.

Plaintiff argues in his brief that thereby he was discredited as not worthy of belief in his testimony concerning the extent and character of his injuries. This was probably true. No motion was made for continuance, setting up surprise. If plaintiff found himself in a pitfall by the testimony complained of, he could not charge his condition to defendants. No argument or authorities are adduced to support the other assignments. It is complained that the instructions failed to cover all the issues raised by the pleadings and evidence, but not pointed out wherein this is true.

We find no error in the record and recommend that the judgment be affirmed.

By the Court: It is so ordered.